UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN EUGENE MEASE,

                Plaintiff,                Case No. 2:20-cv-12087

v.                                            Hon. George Caram Steeh

HEIDI WASHINGTON,
ET AL,

                Defendants.
_____/

**ORDER PARTIALLY DISMISSING COMPLAINT AND TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN**

Plaintiff John Eugene Mease filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Mease is a state prisoner currently confined at the St. Louis Correctional Facility. The Court granted him leave to proceed without prepayment of the filing fee. See 28 U.S.C. § 1915(a).

Mease's complaint concerns events alleged to have occurred at the Chippewa Correctional Facility. The complaint asserts that during Ramadan of 2019, there was a scabies outbreak at the Chippewa facility. The illness required prisoners to be administered medication during daylight hours. Mease, in observance of Ramadan, refused to take the medication until nighttime. As a result, he alleges, a number of individually named defendants stationed at the Chippewa facility placed him in administrative detention, removed him from a favorable prison job, and issued misconduct tickets. Mease asserts that these actions were performed in retaliation for his Ramadan observance. (ECF No. 1, ¶¶ 1-29.)

Mease asserts that on July 18, 2019, he was transferred to the Macomb facility. When he arrived there, he was informed that he was required to serve the six remaining days of a "top-lock" imposed at the Chippewa facility as the result of one of his misconduct violations. (Id., ¶ 30.) Mease was told that "[MRF] had to enforce what was on the MDOC/OMNI computer." (Id.)

The complaint names MDOC Director Heidi Washington, and eleven Chippewa facility defendants: Warden Connie Horton, Deputy Warden Yon, Unknown Nurse, Asst. Dep. Warden James Corrigan, Asst. Dep. Warden R. Batho, RUM Shane Thompson, Counselor J. Wonnacott, Unknown Lemmerman, C. McKinney, Unknown Wech, and Unknown Simpson. The complaint also names three Macomb facility defendants: Hearings Investigator Unknown Bridges, Sgt. Unknown Slater, and CO Unknown Dye.

For the reasons stated herein, the Court will partially dismiss the complaint and transfer this case to the United States District Court for the Western District of Michigan.

## I. DISCUSSION

Under the Prison Litigation Reform Act ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees when it determines the case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. See *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A pro se complaint should be liberally construed

and held to a "less stringent standard" than one drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even a pro se complaint, however, must plead facts sufficient to show a legal wrong has been committed for which the plaintiff may be granted relief.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. See *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). Additionally, a plaintiff must allege facts indicating that the deprivation of his or her rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

Mease names Macomb Correctional Facility defendants Bridges, Slater, and Dye as three of the defendants in this action. Mease, however, fails to make any factual allegations that any of these three defendants personally violated his federal constitutional rights. His only allegation concerning these three defendants is that they enforced the "top-lock" sanction imposed prior to his transfer from the Chippewa Correctional Facility. He does not allege that the Macomb defendants were aware of the alleged retaliatory motive for the sanction.

Plaintiff's conclusory allegation that "defendants . . . Brides, Slater, and Dye knowingly and intentionally acquiesce (sic) in subjecting to the baseless disciplinary punishment . . . without minimal due process . . . ." (ECF No. 1, ¶ 37), does not state any facts giving rise to a cognizable constitutional claim against the Macomb facility defendants. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983 and that liability cannot be based upon a theory of vicarious liability. See *Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978); *Turner v. City of Taylor*, 412 F.3d 629, 643 (6th Cir.

2005) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Moreover, conclusory allegations are insufficient to state a civil rights claim under § 1983. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998). Mease fails to state a claim against defendants Bridges, Slater, or Dye. His complaint as to those defendants must therefore be dismissed.

The remaining defendants reside in Kincheloe, Michigan and Lansing, Michigan, and all the actions giving rise to the claims in the complaint occurred at the Chippewa facility. Venue for a civil action brought in federal court is governed by 28 U.S.C. § 1391. Section 1391(b) provides:

> Venue in general. A civil action may be brought in -
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Public officials "reside" in the county where they perform their official duties. *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972).

When venue is improper, a district court may either dismiss the case or, in the interests of justice, transfer the case to a district or division where it could have been brought. 28 U.S.C. § 1406(a). Additionally, even when venue is proper, a district court may transfer a civil action to any other district where it might have been brought for the convenience of the parties and witnesses and in the interest of justice. 28 U.S.C. § 1404(a). A court may sua sponte transfer a case based

upon venue. *Carver v. Knox County, Tenn.*, 887 F.2d 1287, 1291 (6th Cir. 1989); see also *Cosmichrome, Inc. v. Spectra Chrome, Inc. LLC*, 504 F. App'x 468, 472 (6th Cir. 2012).

Chippewa and Ingham Counties, where the events complained of in the complaint and the remaining defendants reside, are located in the Western District of Michigan. See 28 U.S.C. § 102(b)(1). Venue for purposes of the remaining complaint is therefore more proper in the United States District Court for the Western District of Michigan and that District is a more convenient forum for this action.

## II. CONCLUSION

For the reasons stated, the Court concludes that Mease fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 as to defendants Bridges, Slater, and Dye. Accordingly, the Court will dismiss the complaint as to those defendants. The Court further concludes that, as to the remaining defendants and claims, venue is more proper in the United States District Court for the Western District of Michigan and that District is a more convenient forum for this action. Accordingly, the Court will transfer this case to the United States District Court for the Western District of Michigan for further consideration. The Court makes no determination as to the merits of Mease's claims against the remaining defendants.

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's complaint is **DISMISSED** as to defendants Bridges, Slater, and Dye.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **TRANSFER** the case to the United States District Court for the Western District of Michigan.

**SO ORDERED.**

Dated:  September 15, 2020                                          s/George Caram Steeh
                                                                                        GEORGE CARAM STEEH
                                                                                        United States District Judge